

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Sodexo, Inc.
Dora Davis Program Specialist
Sodexo, Inc.
9801 Washingtonian Boulevard
Suite 1205C
Gaithersburg MD 20878

November 28, 2023

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2023-3431

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1.  | **Entity Served:** | Sodexo, Inc. |
| --- | --- | --- |
| 2.  | **Title of Action:** | Toya Whitten vs. Sodexo Inc |
| 3.  | **Document(s) Served:** | Summons<br>Complaint<br>Attention All Parties to the Case |
| 4.  | **Court/Agency:** | Lake County Common Pleas Court |
| 5.  | **State Served:** | Ohio |
| 6.  | **Case Number:** | 23CV001597 |
| 7.  | **Case Type:** | Discrimination Based on Race |
| 8.  | **Method of Service:** | Certified Mail |
| 9.  | **Date Received:** | Monday 11/27/2023 |
| 10. | **Date to Client:** | Tuesday 11/28/2023 |
| 11. | **# Days When Answer Due: Answer Due Date:** | See Notes — **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:** (Name, City, State, and Phone Number) | Mary Jo Hanson<br>Cleveland, OH<br>216-622-2999 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** |  |
| 15. | **Handled By:** | 361 |
| 16. | **Notes:** | Please review the enclosed documents in order to calculate the response due date.<br>Please note there are other Due Dates listed in the document. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

*Court of Common Pleas, Lake County, Painesville, Ohio*

## *Summons*

TOYA WHITTEN
        Plaintiff

VS.

SODEXO INC
        Defendant

Case No.: 23CV001597

PATRICK J. CONDON
**Judge**

*Summons on Complaint*

To the following named DEFENDANT(S):

SODEXO INC
SODEXO INC
CO CORPORATE CREATIONS NETWORK INC
119 E COURT ST
CINCINNATI OH 45202

    You have been named a Defendant in a complaint filed in the Lake County Court of Common Pleas, Lake County Courthouse, Painesville, Ohio. A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:

        MARY JO HANSON ESQ
        1660 WEST 2nd SUITE 655
        CLEVELAND OH 44113

You are hereby summoned and required to do the following:
1. **Within 28 days after service of this Summons upon you, serve a copy of an Answer to the Complaint on the Plaintiff's Attorney or on the Plaintiff, if he/she has no attorney of record;**
2. **Within 3 days after you serve the Plaintiff or the Plaintiff's Attorney, file an Answer with your original signature with the Lake County Clerk of Court.** *Calculations of time are exclusive of the day of service.*

    If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

**Faith Andrews, Clerk, Common Pleas Court**
25 North Park Place
Painesville, Ohio 44077

By: _____
Deputy Clerk    November 21, 2023

sum

Filing # 154335 / 23CV001597 / CONDON, PATRICK J.
Lake Co Common Pleas Court, Clerk Faith Andrews 11/21/2023 08:59 AM

IN THE COURT OF COMMON PLEAS
LAKE COUNTY, OHIO

| | | |
|---|---|---|
| TOYA WHITTEN<br>5016 Robinhood Drive Apt. F-206<br>Willoughby, OH 44094<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SODEXO, INC.<br>via Statutory Agent<br>Corporate Creations Network, Inc.<br>119 E. Court St.<br>Cincinnati, OH 45202<br><br><br><br>and<br><br>JOHN DOES<br>(Names and addresses unknown)<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br><br>HON. JUDGE<br><br><br><br>COMPLAINT<br><br><br><br><br><br>*Jury Demand Endorsed Herein on all claims triable by a Jury, pursuant to Ohio Civ. Rule 38, and Federal Rules of Civil Procedure* |

Now comes Plaintiff TOYA WHITTEN, by and through her undersigned counsel, and for her cause of action against Defendant states the following:

**PARTIES AND JURISDICTION**

1. This action seeks declaratory, injunctive, and equitable relief, compensatory damages, back pay, and the costs of this action for race, color, and age discrimination, in violations of public policy regarding wrongful termination, holding a pattern and practice of these actions, creating a very hostile work environment in which to work, all because of the Defendants' wrongful conduct against the Plaintiff Ms. Whitten.

2. Plaintiff Toya Whitten, at all times relevant hereto, is a resident of the City of Painesville, County of Lake, State of Ohio. Ms. Whitten is a female African American who was 50 years old on November 19, 2023. Despite all her efforts to mitigate her damages, she remains unemployed.

3. Defendant Sodexo, Inc. (hereinafter "Sodexo") at all times relevant hereto, is a business corporation incorporated under the laws of Ohio and regularly conducting business in the State of Ohio, with a place of business located at the Lake Health Tri-Point Medical Center, 7590 Auburn Road, Painesville, OH 44077.

4. Sodexo can be served through its statutory agent, CT Corporation, 4400 Easton Commons, Suite 125, Columbus, OH 43219.

5. John Does are persons whose names and addresses are unknown, who were responsible for, or who contributed to, the damages in this matter sustained by Plaintiff Toya Whitten and who will be properly named as Defendants once their identities have been determined.

6. This Court has proper jurisdiction over all of Plaintiff's claims in this matter including, but not limited to, Ohio Revised Code 4112, et seq. and R.C. 2305.01. Additionally, 42 U.S.C. § 12101 and 42 U.S.C. § 1981. This court can hear Federal and State claims pursuant to the Ohio Revised Code.

7. This Court has proper jurisdiction over the Defendant in this matter, also pursuant to Plaintiff's EEOC Charge, and her Right to Sue letter is attached to this complaint as Exhibit A.

8. This Court has proper venue for this matter, as Plaintiff resides in Lake County, Ohio, and Defendant Sodexo does business in Lake County, Ohio

9. Federal Claims may be heard pursuant to Federal Law in State and/or Federal Court.

## STATEMENT OF FACTS
### Activities of Defendant Which Give Rise to This Complaint

10. Paragraphs 1 through 9 are hereby realleged, re-averred, and reasserted as if fully rewritten herein.

11. Plaintiff Toya Whitten served as an employee of the company with the job title of Food Service Manager and was a loyal and hard-working employee.

12. First, she was a Food Services Manager 1, and then in 2019, she was promoted to Food Services Manager 2. She was abruptly and wrongfully terminated on November 20, 2020. She now files her complaint timely.

13. During the time of her employment, Sodexo manipulated her position into an hourly position at a lesser rate of pay and hired other people who were white and less qualified, but who received a higher rate of pay.

14. She was continually harassed by other employees.

15. Sodexo changed the conditions of her employment and then laid her off.

16. Further, Sodexo violated the Family Medical Leave Act and retaliated against her for utilizing this.

17. She was discriminated against on the basis of her race, age, and complaining about the actions of her supervisor.

18. During her employment, she experienced discrimination from Jennifer Bovee, a general manager. After Ms. Whitten was promoted, Ms. Bovee made discriminatory remarks, such as: "As old as you are with the color you have, you should be happy with the position you have." Ms. Bovee also referred to Ms. Whitten as a "moron".

19. Even though Ms. Whitten had been promoted, she received less pay.

20. She was threatened by Tim Dean, the district manager, who told her that if she did not accept the promotion, she would be demoted.

21. Ms. Whitten was treated differently than similarly situated white workers. She was not able to get the better hours or the better job.

22. Sodexo used a COVID lay-off and kept her on unemployment for some time.

23. Eventually, Sodexo informed Ms. Whitten that they were taking away her position, and they hired others for the position.

24. Ms. Whitten experienced discrimination by being the only manager who worked at night. Other managers worked 8-hour shifts during the day at a higher rate of pay. Ms. Whitten was required to work ten-hour to eleven-hour shifts.

25. Ms. Whitten experienced discrimination by not receiving equal pay because of her race. A Caucasian manager worked the same hours as Ms. Whitten but the Caucasian manager was paid more by the hour.

26. Ms. Whitten experienced inappropriate behavior from Jennifer Bovee. Ms. Bovee told Ms. Whitten about sexual experiences with district manager Tim Dean and showed Ms. Whitten sexual pictures.

27. Ms. Bovee also harassed Ms. Whitten when Ms. Whitten was out in FMLA. Ms. Whitten's request for FMLA pertained to family members, but Ms. Bovee told other Sodexo employees that Ms. Whitten was on FMLA due to Covid-19.

28. After Ms. Whitten was promoted, Ms. Bovee harassed Ms. Whitten by telling her that most of the people who were in Ms. Whitten's position normally got fired.

29. These incidents created a hostile work environment.

30. Sodexo placed Ms. Whitten on furlough as of June 29, 2020. There was a supervisor in a

31. lower-level position who was not put on furlough.
31. After being on furlough, Ms. Whitten saw a job posting for her position, even though she had been told that she could return to her job on September 20, 2020.
32. Her position had been eliminated, and she was terminated on November 20, 2020.
33. Ms. Toya Whitten suffered race and age discrimination from general manager Jennifer Bovee, who told Ms. Whitten: "As old as you are with the color you have, you should be happy with the position you have."
34. Ms. Whitten suffered race discrimination when she did not receive pay equal to similarly situated white workers.
35. Ms. Whitten experienced a hostile work environment due to the behavior of general manager Jennifer Bovee, which caused Ms. Whitten to be very uncomfortable at Sodexo.
36. Sodexo is in violation of Federal and State laws and in violation of Title VII with regard to race discrimination, age discrimination, a hostile work environment, and retaliation.
37. Sodexo retaliated against Ms. Whitten by wrongfully terminating her because she made complaints to Human Resources about her supervisor's behavior.
38. This created a hostile work environment and caused Ms. Whitten to be very uncomfortable in her employment with Sodexo.
39. Ms. Whitten suffered discrimination by having to work longer hours for less pay compared to similarly situated employees.

### COUNT ONE
### Discrimination Based on Race

40. Paragraphs 1 through 39 are hereby realleged, re-averred, and reasserted as if fully rewritten herein.

41. During the period of her employment with Sodexo, Plaintiff Toya Whitten maintained an excellent employment record.

42. At her place of employment, Ms. Whitten suffered discrimination based on race.

43. Ms. Whitten was told by general manager Jennfer Bovee, "As old as you are with the color you have, you should be happy with the position you have."

44. There were racial inequities in pay, work schedules, and responsibilities because at Sodexo she was required to work longer hours on different schedules for a lower rate of pay than similarly situated white workers. This was in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII) and in violation of Ohio Revised Code § 4112, et seq.

45. As a direct and proximate result of discrimination based on race, Ms. Whitten was wrongfully terminated from her employment with Sodexo, causing her lost wages, great hardship, mental anguish, and other damages as permitted by law.

46. Ms. Whitten is entitled to declaratory and injunctive relief, declaring the above complained of actions, including all facts, and claims, to be contrary to law, and permanently enjoining Defendant from such conduct in the future, and damages to compensate Ms. Whitten for loss of salary, loss of benefits emotional and mental anguish, loss of enjoyment of life and other nonpecuniary losses, and distress from being treated differently because of her race and age, and her wrongful termination in violation of public policy, thus creating punitive, compensatory, actual, damages, attorney fees where applicable, court costs where applicable, and other damages the court deems just and equitable, for Defendant's' willful, wanton, and egregious conduct to Plaintiff Toya Whitten.

### COUNT TWO
### Age Discrimination

47. Paragraphs 1 through 46 are hereby realleged, re-averred, and reasserted as if fully

rewritten herein.

48. During the period of her employment with Sodexo, Plaintiff Toya Whitten was an exceptional employee:

49. Ms. Toya Whitten was a victim of age discrimination, in violation of the Age Discrimination in Employment Act of 1967, as amended ADEA; Title VII of the Civil Rights Act of 1964, as amended (Title VII); and in violation of Ohio Revised Code § 4112, et seq.

50. Ms. Whitten was told by general manager Jennfer Bovee, "As old as you are with the color you have, you should be happy with the position you have."

51. As a direct and proximate result of discrimination based on age, Ms. Whitten was wrongfully terminated from her employment with Sodexo, causing her lost wages, great hardship, mental anguish, and damages.

52. Ms. Whitten is entitled to declaratory and injunctive relief, declaring the above complained of actions, including all facts, and claims, to be contrary to law, and permanently enjoining Defendants from such conduct in the future, and damages to compensate Ms. Whitten for loss of salary, loss of benefits, emotional and mental anguish, loss of enjoyment of life and other nonpecuniary losses, and distress from being treated differently because of her age, and her wrongful termination in violation of public policy, thus creating punitive, compensatory, actual, damages, attorney fees where applicable, court costs where applicable, and other damages the court deems just and equitable, for Defendants' willful, wanton, and egregious conduct to Plaintiff Toya Whitten.

## COUNT THREE
### Hostile Work Environment

53. Paragraphs 1 through 52 are hereby realleged, re-averred, and reasserted as if fully

rewritten herein.

54. Throughout the period of her employment with Sodexo, Plaintiff Toya Whitten maintained an excellent employment record.

55. Ms. Whitten experienced a hostile work environment, which included negative remarks and comments made by general manager Jennifer Bovee regarding Ms. Whitten's race and age, and Ms. Bovee's inappropriate behavior.

56. After Ms. Whitten was promoted, Ms. Bovee harassed Ms. Whitten by telling her that most of the people who were in Ms. Whitten's position normally got fired.

57. Ms. Whitten was threatened by Tim Dean, the district manager, who told her that if she did not accept a promotion, she would be demoted.

58. A hostile work environment is a form of employment discrimination that violates Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, (ADEA), and the Americans with Disabilities Act of 1990, (ADA); and it is a violation of Ohio Revised Code § 4112, et seq.

59. As a direct and proximate result of discrimination created by a hostile work environment, Ms. Whitten was wrongfully terminated from her employment with Sodexo, causing her lost wages, lost benefits, great hardship, mental anguish, and damages.

60. Ms. Whitten entitled to declaratory and injunctive relief, declaring the above complained of actions, including all facts, and claims, to be contrary to law, and permanently enjoining Defendants from such conduct in the future, and damages to compensate Ms. Whitten for loss of salary, loss of benefits emotional and mental anguish, loss of enjoyment of life and other nonpecuniary losses, and distress from being treated differently because of her race and age, and her wrongful termination in violation of public policy, thus creating punitive,

compensatory, actual, damages, attorney fees where applicable, court costs where applicable, and other damages the court deems just and equitable, for Defendant's willful, wanton, and egregious conduct to Plaintiff Toya Whitten.

**COUNT FOUR**
**Violation of the Family Medical Leave Act**
**29 U.S.C. 28 § 2601**

61. Paragraphs 1 through 60 are hereby realleged, re-averred, and reasserted as if fully rewritten herein.

62. Throughout the period of her employment with Sodexo, Plaintiff Toya Whitten maintained an excellent employment record.

63. Sodexo violated the Family Medical Leave Act and harassed Ms. Whitten for utilizing this.

64. Ms. Whitten's request for FMLA pertained to family members, but Ms. Bovee told other Sodexo employees that Ms. Whitten was on FMLA due to Covid-19.

65. Sodexo harassed Ms. Whitten for taking FMLA leave.

66. The harassment contributed to the hostile work environment.

67. As a direct and proximate result of discrimination based on employer harassment. Ms. Whitten was wrongfully terminated from her employment with Sodexo, causing her lost wages, lost benefits, great hardship, mental anguish, and damages.

68. Ms. Whitten is entitled to declaratory and injunctive relief, declaring the above complained of actions, including all facts, and claims, to be contrary to law, and permanently enjoining Defendants from such conduct in the future, and damages to compensate Ms. Whitten for loss of salary and commissions, loss of benefits both medical and retirement, and other professional training benefits, emotional and mental anguish, loss of enjoyment of life and other nonpecuniary losses, and distress from being treated differently because of her race

and age, and her wrongful termination in violation of public policy, thus creating punitive, compensatory, actual, damages, attorney fees where applicable, court costs where applicable, and other damages the court deems just and equitable, for Defendants' willful, wanton, and egregious conduct to Plaintiff Toya Whitten.

## COUNT FIVE
### Retaliation

69. Paragraphs 1 through 68 are hereby realleged, re-averred, and reasserted as if fully rewritten herein.

70. Throughout the period of her employment with Sodexo, Plaintiff Toya Whitten maintained an excellent employment record.

71. Sodexo retaliated against Ms. Whitten by wrongfully terminating her because she made reports to Human Resources about general manager Jennifer Bovee's behavior.

72. Ms. Toya Whitten was a victim of employer retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII); and in violation of Ohio Revised Code § 4113.52(B), which states in part:

> "No employer shall take any disciplinary or retaliatory action against an employee for making any report authorized by division (A)(3) of this section if the employee made a reasonable and good faith effort to determine the accuracy of any information so reported, or as a result of the employee's having made any inquiry or taken any other action to ensure the accuracy of any information reported under that division. For purposes of this division, disciplinary or retaliatory action by the employer includes, without limitation, doing any of the following:
> (1) Removing or suspending the employee from employment"

73. Retaliation by Sodexo was evident after Ms. Whitten made reports to Human Resources about Ms. Bovee's remarks about race and age and Ms. Bovee's inappropriate behavior. There was never a proper acknowledgment of Ms. Whitten's reports. Her reports were acknowledged by Sodexo in the form of retaliation.

74. Sodexo retaliated against Ms. Whitten by wrongfully terminating her employment.

75. As a direct and proximate result of discrimination based on employer retaliation, Ms. Whitten was wrongfully terminated from her employment with Sodexo, causing her lost wages, lost benefits, great hardship, mental anguish, and damages.

76. Ms. Whitten is entitled to declaratory and injunctive relief, declaring the above complained of actions, including all facts, and claims, to be contrary to law, and permanently enjoining Defendants from such conduct in the future, and damages to compensate Ms. Whitten for loss of salary and commissions, loss of benefits both medical and retirement, and other professional training benefits, emotional and mental anguish, loss of enjoyment of life and other nonpecuniary losses, and distress from being treated differently because of her race and age, and her wrongful termination in violation of public policy, thus creating punitive, compensatory, actual, damages, attorney fees where applicable, court costs where applicable, and other damages the court deems just and equitable, for Defendants' willful, wanton, and egregious conduct to Plaintiff Toya Whitten.

## COUNT SIX
## Wrongful Termination

77. Paragraphs 1 through 76 are hereby realleged, re-averred, and reasserted as if fully rewritten herein.

78. During the period of her employment with Sodexo, Plaintiff maintained an excellent employment record. She was terminated in violation of public policy and has suffered damages because of this wrongful termination.

79. Ms. Whitten suffered race or age or hostile work environment or retaliation discrimination, in violation of the ADEA and Title VII and in violation of Ohio Revised Code § 4112, et seq. and § 4113.52.

80. Ms. Whitten suffered race or age or hostile work environment or retaliation discrimination due to racial inequities in pay, and responsibilities, and the behavior of her supervisor, who made inappropriate comments to Ms. Whitten in the workplace.

81. Ms. Whitten suffered race or age or hostile work environment or retaliation discrimination when her supervisor made inappropriate references to her race and age.

82. Ms. Whitten suffered race or age or hostile work environment or retaliation when she was threatened by Tim Dean, the district manager, who told her that if she did not accept a promotion, she would be demoted.

83. Ms. Whitten suffered race or age or hostile work environment or retaliation discrimination when she reported her supervisor's inappropriate behavior to Human Resources, and her reports were disregarded.

84. Ms. Whitten suffered race or age or hostile work environment or retaliation discrimination when Sodexo retaliated against Ms. Whitten by wrongfully terminating her employment.

85. Ms. Whitten suffered from a loss of salary when Sodexo wrongfully terminated her employment.

86. As a direct and proximate result of race or age or hostile work environment or retaliation discrimination, and her subsequent wrongful termination from her employment with Sodexo, Ms. Whitten has suffered lost wages, lost benefits, great hardship, mental anguish, and damages.

87. Ms. Whitten is entitled to declaratory and injunctive relief, declaring the above complained of actions, including all facts, and claims, to be contrary to law, and permanently enjoining Defendants from such conduct in the future, and damages to compensate Ms. Whitte for loss

of salary, loss of benefits, emotional and mental anguish, loss of enjoyment of life and other nonpecuniary losses, and distress from being treated differently because of her race and age, and her wrongful termination in violation of public policy, thus creating punitive, compensatory, actual, damages, attorney fees where applicable, court costs where applicable, and other damages the court deems just and equitable, for Defendants' willful, wanton, and egregious conduct to Plaintiff Toya Whitten.

WHEREFORE, Plaintiff Toya Whitten prays for judgment against Defendant Sodexo Group in an amount in excess of twenty-five thousand dollars ($25,000.00); and for declaratory and injunctive relief, and commissions, salary, and for loss of benefits, future economic and noneconomic damages, special damages, incidental damages, all fees and costs associated with this litigation, actual, compensatory, punitive damages, lost wages, both front and back pay, court costs, and reasonable attorney fees incurred in bringing this action, and all other damages this Court deems just and equitable.

Respectfully Submitted,

*/S/ MARY JO HANSON*

Mary Jo Hanson 0078119
Mary Jo Hanson, LLC
Skylight Office Tower
1660 West 2nd St., Suite 655
Cleveland, OH 44113
Office: (216) 622-2999
Cell: (440) 520-6003
Fax: (216) 862-0913
ansonmaryjo@aol.com
*Attorney for Plaintiff Toya Whitten*

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a jury trial on all issues herein.

*/S/ MARY JO HANSON*

Mary Jo Hanson 0078119
*Attorney for Plaintiff Toya Whitten*

# FAITH ANDREWS
# CLERK OF COURTS
# LAKE COUNTY COMMON PLEAS COURT

## ATTENTION ALL PARTIES TO THE CASE

Whether you are represented by an Attorney or representing yourself in this legal action, LAKE COUNTY LOCAL COURT RULES require that all participants familiarize themselves with, and follow the requirements of each court.

Pre-trial Orders and Procedures are available on our website at

www.lakecountyohio.gov/coc

Select **Forms and Downloads**

Scroll to **Pre-trial Orders/ Orders of Procedure**

Select the appropriate pre-trial order/procedure for YOUR Respective case and Judge.

If you are unable to access or unclear as to which pre-trial Order/procedure applies to you, contact the Office of the Clerk of Courts, New Case Department (440.350.2657) during normal business hours and a copy will be immediately mailed to you.

**FAITH ANDREWS, CLERK OF COURTS**

NOV 2 7 2023