**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TOYA WHITTEN, | ) | CASE NO. 1:23-CV-2452 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DAVID A. RUIZ |
| SODEXO, INC., *et al.*, | ) | |
| Defendants. | ) | **ORDER** |

On March 1, 2024, Plaintiff Toya Whitten, through counsel, filed an Amended Complaint against Defendant Sodexo, Inc. and John Doe defendants. (R. 13). The Amended Complaint alleged the following six counts: (1) Title VII race discrimination; (2) discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); (3) a hostile work environment; (4) a violation of the Family Medical Leave Act ("FMLA"); (5) Title VII retaliation; and (6) wrongful termination. (R. 13).

On March 28, 2024, Defendant Sodexo, Inc. filed a Partial Motion to Dismiss, seeking to dismiss Count Four of the Amended Complaint (the FMLA claim) on the grounds that said claim is untimely as it was filed more than three years after Plaintiff was terminated. (R. 20). Specifically, Defendant has argued that claims under the FMLA must be brought within two years of the last act giving rise to a cause of action for FMLA interference or retaliation, or within three years if the event is deemed a willful violation of the Act, but Plaintiff did not file suit until November 21, 2023, three years and one day after her termination from Sodexo. (R. 20,

PageID# 128-129).[1] Defendant's assertion regarding the length of the statute of limitations is accurate and consistent with 29 U.S.C. § 2617(c)(1) & (2). Plaintiff's opposition to the partial motion to dismiss was due April 29, 2024,[2] but no opposition was ever filed. Plaintiff's counsel has never requested an extension of time to file an opposition, nor did she raise the issue at an August 1, 2024 telephone conference or in two subsequently filed status reports. (R. 23, 27, 28).

In an Order dated October 10, 2024, the Court expressly stated as follows: "Plaintiff has not filed a response to the motion, and the docket does not reflect any stipulation or agreement regarding the motion. The parties have filed two status reports, but neither has provided an update regarding the pending motion and Plaintiff's position. Therefore, Plaintiff shall have until 10/18/2024 to demonstrate it opposes the motion. If Plaintiff elects not to respond, then the Court will consider Plaintiff's inaction as conceding dismissal of that claim."

To date, Plaintiff has not responded. Given Plaintiff's lack of opposition to the motion to dismiss the FMLA claim in Count Four, the Court has considered Defendant's statute of limitations argument and finds it well taken. The Court hereby GRANTS Defendant's Partial Motion to Dismiss (R. 20), and Count Four of the Amended Complaint is hereby DISMISSED with prejudice.

IT IS SO ORDERED

Date: October 24, 2024

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

---

[1] The instant action was removed from the Court of Common Pleas for Lake County (R. 1), and the Summons therein indeed indicates a filing date of November 21, 2023. (R. 1-2, PageID# 9). The Amended Complaint alleges Plaintiff was terminated on November 20, 2020. (R. 13, PageID# 82, ¶32).

[2] "[E]ach party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion." Local Rule 7.1(d).